Gao v. Garland

BIA
Douchy, IJ
A200 770 921

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of April, two thousand twenty-one.

PRESENT:
> PIERRE N. LEVAL,
> ROBERT A. KATZMANN,
> GERARD E. LYNCH,
> *Circuit Judges.*

_____

LI JUN GAO,
> *Petitioner*,

v.                                                                **19-522**
                                                                         NAC

MERRICK B. GARLAND,
UNITED STATES ATTORNEY GENERAL,
> *Respondent*.1

_____

FOR PETITIONER:                     Jed S. Wasserman, Law Office of Ng & Wasserman, New York, NY.

---

1 Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Merrick B. Garland is automatically substituted as Respondent.

FOR RESPONDENT:                    Shelley R. Goad, Assistant Director; Russell J.E. Verby, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, *for* Joseph H. Hunt, Assistant Attorney General, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED**.

Petitioner Li Jun Gao, a native and citizen of the People's Republic of China, seeks review of a February 7, 2019, decision of the BIA affirming a November 17, 2017, decision of an Immigration Judge ("IJ"), denying Gao's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Li Gao,* No. A 200 770 921 (B.I.A. Feb. 7, 2019), *aff'g* No. A 200 770 921 (Immig. Ct. N.Y. City Nov. 17, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed both the IJ's and the BIA's decisions for the sake of completeness. *See Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4); *Paloka v. Holder*, 762 F.3d 191, 195 (2d Cir. 2014) (reviewing factual findings for substantial evidence and questions of law de novo).

Gao argues that he has a well-founded fear of persecution in China because he practices Falun Gong. To establish eligibility for asylum absent past persecution, an applicant must establish that he has an objectively reasonable fear of persecution. *See* 8

C.F.R. § 1208.13(b); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). "Objective reasonableness entails a showing that a reasonable person in the petitioner's circumstances would fear persecution if returned to his native country." *Huang v. U.S. INS*, 421 F.3d 125, 128 (2d Cir. 2005). An applicant can satisfy his burden with objective evidence that he will be "singled out individually for persecution" or that there is "a pattern or practice" of persecution of a group of similarly situated people. 8 C.F.R. § 1208.13(b)(2)(iii); *see also Huang*, 421 F.3d at 129 ("In the absence of solid support in the record . . . [an applicant's] fear is speculative at best."). An applicant claiming a prospective fear of persecution based on activities in the United States must make some showing that the foreign government is aware or is likely to become aware of his activities. *See Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008).

The record does not compel a finding that Gao's fear is objectively reasonable. Gao contends that the Chinese government will become aware that he practices Falun Gong and has participated in demonstrations in the United States because he appears in published photographs of Falun Gong demonstrations. However, the IJ reasonably determined that Gao failed to show that the Chinese government was aware or likely to become aware of these activities where the photographs were of events between 2011 and 2014 and Gao was pictured but not named or quoted. *See Leng*, 528 F.3d at 143. Moreover, the IJ reasonably relied on Gao's testimony in 2017 that his mother was practicing Falun Gong in China without interference despite the Chinese government's awareness of her past practice. *See Huang*, 421 F.3d at 128; *Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir. 1999)

3

(holding that the fact that similarly situated family members remained unharmed in their home country undermined applicant's fear of future persecution).

Further, the agency reasonably concluded that Gao failed to show a pattern or practice of persecution of similarly situated Falun Gong practitioners. The IJ acknowledged that the most recent State Department reports reflected persecution and torture of some Falun Gong practitioners, but reasonably concluded that Gao and his mother had experienced different treatment—they both left China, and Gao's mother returned, without incident, and, other than her 2009 arrest, Gao's mother had continued to practice Falun Gong at home without interference from the authorities. Accordingly, the agency did not err in concluding that Gao had not established "systemic or pervasive" persecution of similarly situated practitioners. *Mufied v. Mukasey*, 508 F.3d 88, 92–93 (2d Cir. 2007) (stating that BIA's definition of pattern or practice as "systemic or pervasive" appeared reasonable); *see also Melgar de Torres*, 191 F.3d at 313. Because Gao failed to meet his burden for asylum, he necessarily fails to meet the higher standards for withholding of removal and CAT relief. *See Lecaj v. Holder*, 616 F.3d 111, 119–20 (2d Cir. 2010).

For the foregoing reasons, the petition for review is **DENIED**. All pending motions and applications are **DENIED** and stays **VACATED**.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

4